UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BLACK CREEK CONTRACTORS, LLC           CIVIL ACTION NO.

VERSUS

                                        19-781-SDD-EWD

MANAGED MILLWORK
LLC, ET AL.

## NOTICE AND ORDER SETTING HEARING

On November 13, 2019, Black Creek Contractors, LLC ("Black Creek") filed a Complaint against Edward Everett ("Everett") and Managed Millwork, L.L.C. ("Managed Millwork") (collectively, "Defendants"), alleging that Defendants breached the terms of a purchase order for the fabrication and shipment of specialized countertops.[1] Two weeks later, Black Creek filed an Amended Complaint.[2] Everett and Managed Millwork were served with summons and a copy of the Amended Complaint on February 10, 2020 and June 23, 2020, respectively.[3] Everett, proceeding *pro se*, filed an answer on March 2, 2020.[4]

After Everett's Answer, Black Creek filed a Status Report on March 12, 2020, despite little to no involvement from Everett.[5] Thereafter, Black Creek filed several amended and/or updated

---

[1] R. Doc. 1. Mr. Everett is alleged to be the sole owner and operator of Managed Millwork. *Id*. at ¶ 10.
[2] R. Doc. 5. The Amended Complaint was filed in response to the Court's November 18, 2019 *sua sponte* Order raising the issue of whether complete diversity existed given the deficient citizenship allegations as to Black Creek and Managed Millwork. R. Doc. 4. The Amended Complaint adequately alleges the citizenship of all parties, and the Court has subject matter jurisdiction over this matter as complete diversity exists and the amount in controversy exceeds $75,000. *Id*. at ¶¶ 2-8, 21.
[3] R. Docs. 12, 31. Upon Black Creek's request, the Court granted it several extensions of time to perfect service on Managed Millwork due to difficulties in serving Managed Millwork, including without limitation mail being returned as "not deliverable to addressed, unable to forward." *See* R. Docs. 9, 10, 11, 22, 23.
[4] R. Doc. 15. According to Black Creek, it received copies of Everett's answer and Managed Millwork's answer via Federal Express on March 2, 2020, although only Everett's answer was filed with the Court. R. Doc. 24-1, ¶ 3(c). *See also* R. Docs. 24-4 (Managed Millwork's answer signed "Edward Everett Rep") and 24-5 (emails between Everett and counsel for Black Creek discussing Managed Millwork's answer, among other things). To date, Managed Millwork has not filed an answer to the Amended Complaint or otherwise appeared in this matter.
[5] R. Doc. 16. Indeed, the Status Report states, "Despite initially making contact with and serving him and Defendant Managed Millwork's answers, the only response Defendant Everett provided is that he "[did not] know that [himself] or Managed Millwork would object." *Id*. at n.1. *See also* 16-1 (emails between Everett and counsel for Black Creek discussing the Status Report and Defendants' efforts to hire an attorney in this matter).

status reports—again with minimal involvement from Everett.[6]

On May 27, 2020, Black Creek filed a Motion to Deem Defendant Managed Millwork LLC Having Appeared and Answered (the "Motion").[7] The Motion detailed Black Creek's "extensive actions in pursuing service upon Managed Millwork," which included Managed Millwork serving an "answer" on Black Creek but not filing same with the Court.[8] Black Creek requested an order "deeming the Defendant Managed Millwork, L.L.C. having appeared and answered in this matter, [and] that the answer of Managed Millwork…be filed in this matter…"[9]

After setting and resetting a scheduling conference several times due to the fact that Managed Millwork had not made an appearance in this matter, the Court converted the June 11, 2020 scheduling conference into a telephone conference to discuss the Motion.[10] Everett, proceeding *pro se*, and counsel for Black Creek appeared at the June 11 conference.[11] During the conference, "Everett advised that he is not an attorney," and "[i]t was explained to the parties that, despite being the principal of Managed Millwork, Everett cannot answer on behalf of or represent Managed Millwork in court."[12] The Court denied the Motion, explaining that even if the Motion were granted, Managed Millwork's "answer" would not be effective.[13]

In response, Black Creek requested additional time to serve Managed Millwork. It explained (1) that it has expended "lots of time and effort" to serve Managed Millwork, (2) that

---

[6] *See* R. Docs. 21, 26, 38, 41. The Second Amended Status Report states, "Counsel for Plaintiff served a draft of the second amended status report on Everett via email and attempted to confer with Everett via email and telephone, but has received no response." R. Doc. 26, n.1. The Updated Status Report states, "Counsel for Plaintiff served a draft of the updated status report on Everett via email, and after certain revisions were requested by Everett, counsel re-sent the report for review but received no additional feedback regarding the missing information in the report to be completed by Defendants." R. Doc. 38, n.1.
[7] R. Doc. 24.
[8] *See, generally*, R. Doc. 24-1.
[9] *Id*. at p. 7.
[10] R. Docs. 3, 11, 19, 20, 28.
[11] R. Doc. 29.
[12] *Id*. at p. 2.
[13] *Id*.

2

Everett previously told Black Creek he was looking for an attorney but refused to let them know where he was in that process, and (3) that Black Creeks was frustrated by Everett's refusal to answer calls or emails about this case.[14] Everett, who resides in Atlanta, Georgia, explained that he was "actively looking" for an attorney in Louisiana but was having difficulty because of the COVID-19 pandemic.[15] The Court explained to Everett, that, as an individual defendant in this case, he has an obligation to respond to Black Creek, to make initial disclosures, and to otherwise cooperate in this case under the Federal Rules of Civil Procedure, regardless of whether he proceeds *pro* se or has an attorney.[16] Finding that Black Creek established good cause under Fed. R. Civ. P. 4(m), the Court gave Black Creek an additional thirty days to perfect service on Managed Millwork, which would also give Defendants time to retain an attorney to represent them.[17] Finally, the Court reset the scheduling conference for August 20, 2020.[18]

Managed Millwork was served with the Amended Complaint on June 21, 2020.[19] Despite this, the Court moved August 20 scheduling conference to October 1, 2020 because Managed Millwork had not made an appearance in this matter.[20] The October 1 scheduling conference was converted to a telephone conference and, ultimately, moved to November 6, 2020,[21] based on

---

[14] *Id*.
[15] *Id*.
[16] *Id*.
[17] *Id*. at pp. 2-3.
[18] *Id*. at p. 3.
[19] R. Doc. 31
[20] R. Doc. 35. Prior to its resetting, Black Creek and Everett filed a Joint Motion to Extend Rule 26(f) Compliance Dates and Deadlines, noting that they conducted a Rule 26(f) conference on July 30, 2020. During this conference, Everett requested that the Rule 26(f) conference and exchange of initial disclosure be postponed so he could "confirm" representation with an attorney with whom he had "agreed in principle." R. Doc. 34. Everett promised Black Creek that "confirmation of such representation would be forthcoming very shortly." *Id*. This motion was denied as moot in light of the Court's notice resetting the August 20, 2020 scheduling conference. *Id*.
[21] *See* R. Docs. 39, 40, 44 & 45. Notice of the telephone conference was sent to Everett at the address listed on PACER but returned as "not deliverable as addressed, unable to forward." R. Doc. 46. Regardless, during the November 6 conference, counsel for Black Creek advised the Court that it also sent notice of the November 6, 2020 telephone conference to Everett via email.

correspondence attached to Black Creek's updated status report. The correspondence shows that Everett, in response to multiple emails from Black Creek, confirmed that he has "reached an agreement and [is] working through the details w[ith] a firm out of New Orleans," which has "agreed to accept [his] case."[22] Once again, Everett promised to "forward final details [to Black Creek] Asap to keep things moving."[23]

On November 6, 2020, the telephone conference was held as scheduled. Counsel for Black Creek appeared at the telephone conference. However, neither Everett nor an attorney representing him and/or Managed Millwork appeared at the conference, nor have Defendants or anyone on their behalf contacted the Court to explain their failure to appear at the conference.

Although this case has been pending for over fourteen months and both Defendants have been served, Managed Millworks has still not appeared in this case. Likewise, despite a warning from the Court, Everett has consistently failed to speak with counsel for Plaintiffs to move this case forward.[24] Additionally, while Everett has represented to Black Creek and the Court that he is "finalizing" representation for nearly one year,[25] no attorney has appeared for Everett and/or Managed Millwork to date, including at the November 6 conference.

---

[22] R. Doc. 38-2.
[23] *Id*.
[24] *See* R. Docs. 22-3, 24-5, 24-7, 38-1 & 38-2 (emails from Black Creek to Everett regarding this matter). Everett is reminded of his obligations under the Federal Rules of Civil Procedure, which require him as an individual defendant in this case to respond to Black Creek, to make initial disclosures, and to otherwise cooperate in this case. Everett is advised that continued failure to comply with his obligations may result in the imposition of appropriate sanctions.
[25] *See, e.g.*, R. Doc. 24-5, p. 3 (March 5, 2020 email from Everett to Black Creek stating, "I am thinking of gaining counsel to handle these things."); R. Doc. 16-1 (March 12, 2020 email from Everett to Black Creek stating, "I am in the process of hiring any attorney…I am in negotiations w[ith] one right now as we speak…I will continue with the hiring of an attorney immediately."); R. Doc. 29, p. 2 (June 11, 2020 Telephone Conference Report and Order memorializing statements made by Everett during the conference, including that he is "actively looking" for an attorney in Louisiana but is having a tough time because of the COVID-19 pandemic.); R. Doc. 34 (August 7, 2020 Joint Motion to Extend Rule 26(f) Compliance Dates and Deadlines noting that in a July 30, 2020 Rule 26(f) conference, wherein Everett represented "that he had agreed in principle with an attorney for representation of himself and Managed Millwork, L.L.C., and that the confirmation of such representation would be forthcoming very shortly."); R. Doc. 38-2 (September 17, 2020 email from Everett to Black Creek stating, "I have reached an agreement and working through the details w[ith] a firm out of New Orleans. They have agreed to accept my case. Will forward final details Asap to keep things moving forward.").

Accordingly,

**IT IS ORDERED** that a Show Cause Hearing via video web conferencing is set for **February 12, 2021 at 11:30 a.m.** before the undersigned for Defendants Edward Everett *and* Managed Millwork, L.L.C. to appear and show cause as why an entry of default under Fed. R. Civ. P. 55 should not be entered in this matter and/or why sanctions should not imposed for their failure to comply with the Court's June 11, 2020 Order[26] and/or their failure to keep the Court apprised of their address(es) under Local Civil Rule 41(b)(4).[27]

Due to the current national emergency, the hearing will be initiated via video web conferencing. Please refer to the attached participant instructions. Defendants must contact the Court at (225) 389-3584 by no later than **February 8, 2021** if they do not have video web conferencing capabilities.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this order on Defendants Edward Everett and Managed Millwork, L.L.C. via certified mail, return receipt requested at the address listed on PACER.

**Failure to appear as ordered or respond may result in an entry of default under Fed. R. Civ. P. 55 and/or the imposition of sanctions in this matter without further notice.**

Signed in Baton Rouge, Louisiana, on January 26, 2021.

*/s/ Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] R. Doc. 29.
[27] Local Rule 41(b)(4) states, "The failure of an attorney or pro se litigation to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." Here, four notices addressed to Everett at the address listed in his answer (R. Doc. 15, p. 6) have been returned as "undeliverable," not deliverable as addressed," and/or "unable to forward." *See* R. Docs. 33, 37, 42 & 46. All notices were returned as undeliverable over thirty days ago, and Everett has not corrected his address with the Court.