UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLACK CREEK CONTRACTORS, LLC                    CIVIL ACTION

VERSUS

MANAGED MILLWORK, LLC, ET AL.          NO: 19-00781-BAJ-EWD

### RULING AND ORDER

Before the Court is the **Motion to Set Aside Entry of Default (Doc. 55)** filed by Defendant Managed Millworks, LLC. The Motion is opposed. (Doc. 56).  For the reasons stated herein, Plaintiff's Motion is **GRANTED**.

### I.    BACKGROUND

On November 13, 2019, Plaintiff filed its initial complaint against Defendants Managed Millworks ("Defendant") and Edward Everett, owner of Managed Millworks, asserting breach of contract claims. (Doc. 1).  On November 25, 2019, Plaintiff filed a First Amended Complaint. (Doc. 5). Defendant was served with the amended complaint on June 21, 2020. (Doc. 31). Everett, in his individual capacity, received service of the complaint on February 7, 2020 and attempted to answer the pleading on behalf of himself and Managed Millworks. (Doc. 63, p.3). Everett succeeded in filing an answer on his own behalf with the Court on March 2, 2020 but could not answer the pleadings on behalf of Defendant, as he is not a licensed attorney. *Id.* On April 19, 2020, the clerk entered a default against Defendant. (Doc. 54).  On May 19, 2021, Defendant responded to the complaint. *Id.* However, at no time did Plaintiff ask the Court to confirm the entry of default. (Doc. 63, p.2).

1

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default or default judgment for "good cause." The United States Court of Appeals for the Fifth Circuit has provided three factors to be considered in determining when to set aside a default judgment under this rule: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented. *Greenleaf Compaction, Inc. v. Able Waste, LLC,* No. CIV.A. 10-568-JJB-DL, 2011 WL 903776, at *1 (M.D. La. Mar. 15, 2011) (citing *Jenkens & Gilchrist v. Groia & Co.,* 542 F.3d 114, 119 (5th Cir. 2008)).

When determining whether to set aside an entry of default, "a finding of willful default is the end of the inquiry." *In re Chinese Manufactured Drywall Prod. Liab. Litig.,* 742 F.3d 576, 594 (5th Cir. 2014) *see Matter of Dierschke,* 975 F.2d 181, 185 (5th Cir. 1992) ("Willful failure alone may constitute sufficient cause for the court to deny [the defendant's] motion"). A "willfulness" inquiry hinges on whether the neglect is excusable. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.,* 346 F.3d 552, 563. (5th Cir. 2003.)

"While it appears the Fifth Circuit has not provided clear guidance on what type of conduct rises to the level of a willful failure to respond, it has provided guideposts for a court to make this determination." *Welch v. State Farm Mut. Auto. Ins. Co.,* No. 18-208, 2019 WL 2016537, at *3 (N.D. Miss. May 7, 2019). "For example, it is clear that a litigant willfully defaults when it receives notice of a lawsuit but takes 'no further action to respond or stay abreast of the status of the litigation.'" *Id.*

2

(quoting *UnitedHealthcare Ins. Co. v. Holley*, 724 F. App'x 285, 288 (5th Cir. 2018)).

## III.    DISCUISSION

### A. Whether the Default was Willful

Defendant argues that its failure to respond was not willful. Initially, as noted, Everett attempted to respond for both himself and Defendant. He was informed that this was not possible because he is not a licensed attorney. (Doc. 63, p.3). Although Defendant waited over one year to secure counsel to respond to the complaint, the Court notes that Defendant is a small company located in Georgia with no connections to Louisiana. *Id.* Additionally, beginning in March 2020, the growing COVID-19 pandemic triggered a significant reduction in business for Managed Millwork, resulting in large financial losses. *Id.* at 4.

The record before the Court suggests that Defendant did not engage in an intentional effort to ignore the litigation. Moreover, Defendant did not fail to stay apprised of the proceedings. Everett's efforts to respond to the complaint without the assistance of counsel, coupled with the Fifth Circuit's strong preference against default judgment, weigh heavily in favor of setting aside the clerk's entry of default.

### B. Whether setting aside the default would prejudice the adversary

"[D]elay alone does not constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (quotation marks omitted). Plaintiff alleges that there "is a heightened risk that probative records or physical evidence may have been lost or destroyed." but does so without citing to any

3

supporting evidence. (Doc. 56, p.6). Plaintiff also fails to show that Defendant's delay in responding resulted in or will result in the destruction of any probative evidence that would create additional discovery difficulties, nor does Plaintiff allege that the delay has presented the opportunity for fraud and collusion.

Moreover, this litigation will continue against Everett in his personal capacity. The continuation of Managed Millwork in this case will not prejudice the Plaintiff. All discovery obligations and possible trial costs to which the Defendant is obligated to incur will not be abated even if the motion *sub judice* is denied.

Furthermore, it is important to note that although Plaintiff had ample time to do so, it did not seek to confirm the default before the District Court or file a motion for summary judgment. (Doc. 63, p.5). Thus, this factor also weighs in favor of setting aside the clerk's entry of default.

### C. Whether a meritorious defense is presented

This factor is not measured by whether the defenses presented will ultimately succeed, but whether the evidence submitted, if proven at trial, would constitute a complete defense. *Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). The Court may grant a motion to set aside a motion for default if the defendant fails to present a meritorious defense. However, counsel for Defendant in this case has now presented several possible meritorious defenses. For example, Defendant alleges several contractual defenses, "including Plaintiff's delay, attempt to accelerate the purchase order, and thereafter, terminating the contract without proper notice of

4

default." (Doc. 63, p. 5). Defendant also alleges that Plaintiff failed to mitigate its damages.

## IV.    CONCLUSION

Accordingly,

Defendant's Motion to Set Aside the Entry of Default (Doc. 55) is **GRANTED**.

Baton Rouge, Louisiana, this $\underline{31^{st}}$ day of March, 2022

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**