UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BLACK CREEK CONTRACTORS, L.L.C.**　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　**NO. 19-781-BAJ-EWD**

**MANAGED MILLWORK, LLC, ET AL.**

## RULING AND ORDER AND RECOMMENDATION
## ON PLAINTIFF BLACK CREEK CONTRACTOR'S MOTION FOR SANCTIONS

Before the Court is the Motion for Sanctions, filed by Back Creek Contractors, L.L.C. ("Plaintiff").[1] The time for opposing the Motion for Sanctions under the Local Civil Rules has run.[2] Defendants Edward Everett ("Everett") and Managed Millwork, L.L.C. ("Managed Millwork") (collectively, "Defendants")[3] have not filed an opposition memorandum, so the Motion is deemed unopposed. Because of Defendants' persistent refusal to participate in this suit, including failing to respond to Plaintiff's discovery requests, and failure to timely comply with the Court's Order to do so, the Motion for Sanctions is granted in part and denied in part. Monetary sanctions are appropriate and will be granted once Plaintiff provides additional information. It is also recommended that the Court issue an order requiring Defendants to appear and show cause as to why their responsive pleadings should not be stricken,[4] and/or why any other appropriate sanctions should not be imposed.

**I.　BACKGROUND**

On November 13, 2019, Plaintiff filed its Complaint, alleging that Defendants breached the terms of a purchase order for the manufacture and shipment of specialized countertops.[5]

---

[1] R. Doc. 85.
[2] Responses to motions are due twenty-one days after service. Local Civil Rule 7(f).
[3] Everett is sole owner and operator of Millwork. R. Doc. 1, ¶10 ("Managed Millwork is company [sic] that is owned and operated solely by Mr. Everett.").
[4] R. Docs. 15, 68, and 71.
[5] R. Doc. 1.

Although this case has been pending for over three years, it has moved little beyond the pleadings stage. The Court will not set forth a detailed procedural history in this Ruling, as it has done so several times in this matter,[6] all of which is incorporated by reference.

The procedural history relevant to Plaintiff's Motion for Sanctions is as follows: On July 30, 2022, Plaintiff propounded separate sets of Interrogatories and Requests for Production of Documents to Defendants (collectively, "Discovery Requests").[7] Under the relevant rules, Defendants had thirty days to respond to the Discovery Requests, making their responses due on or before August 29, 2022. Defendants did not respond to the Discovery Requests by this date, nor is there any information that they have provided responses to Plaintiff as of the date of this Ruling. On September 29, 2022, after unsuccessfully conferring with Defendants' counsel regarding the outstanding responses to the Discovery Requests, Plaintiff filed a Motion to Compel, seeking an order compelling Defendants to respond to the Discovery Requests.[8] In fact, the Motion represents that, at the Rule 37 conference on September 20, 2022, counsel for Defendants indicated that he had not received a response from Defendants regarding the Discovery Requests, despite multiple attempts.[9]

On October 6, 2022, before Defendants' deadline to respond to the Motion to Compel, the Court held a telephone conference with counsel for the parties to discuss the Motion.[10] During the telephone conference and in response to questions from the Court, defense counsel confirmed that he had exhausted all means of communication to reach his clients but had not received a response.[11] Counsel also confirmed that he had advised Defendants of the potential consequences of failure to

---

[6] *See, e.g.*, R. Doc. 47; R. Doc. 65, p. 1; R. Doc. 82; R. Doc. 86, n. 4.
[7] R. Doc. 78, ¶ 3; R. Doc. 78-2.
[8] R. Doc. 78.
[9] *Id.*, at pp. 2-3.
[10] R. Doc. 82.
[11] *Id.*

participate in the discovery process.[12] Given defense counsel's representations, the Court found that additional briefing was not necessary and ordered Defendants to respond to the Discovery Requests by no later October 21, 2022 (the "October 6 Order"). After noting that Plaintiff previously obtained an Entry of Default,[13] which was set aside by the Court, in part, based on a finding that Defendants' failure to timely file responsive pleadings was not willful, the Court explained that Defendants' continued pattern of behavior in this case calls into question whether their failure to participate fully in this litigation, including by responding to the Discovery Requests, is excusable.[14] Finally, the Court advised Defendants that failure to respond to the Discovery Requests by October 21, 2022 and/or comply with the October 6 Order could result in sanctions and explained the sanctions available under Rule 37.[15]

At the request of Plaintiff's counsel, a second telephone conference was held on November 7, 2022.[16] During the conference, where Everett appeared personally with counsel, Plaintiff advised that, despite the October 6 Order and the threat of sanctions, Defendants had still not provided any responses to the Discovery Requests. Defendants confirmed Plaintiff's statement, adding that Everett is "still compiling" the responses. Defendants then explained that they could not provide an estimate of when responses would be provided because Everett is "not in a position—personally, financially, or otherwise—to put them together" at this time, despite wanting to get this case into a settlement posture.[17] No further explanation was offered.

---

[12] *Id*
[13] R. Doc. 54.
[14] *Id*.
[15] *Id*.
[16] R. Doc. 88.
[17] *Id*. Although Everett "thought" he could respond to Plaintiff's Discovery Requests within the next 30 days, the Court explained that timeframe would not work given the upcoming deadlines in the Scheduling Order (R. Doc. 76). Instead of giving Defendants an additional extension to respond to Plaintiff's Discovery Requests, the Court explained that Defendants might be in a better position regarding Plaintiff's (then anticipated) request for sanctions the sooner Defendants could provide discovery responses.

On November 11, 2022, Plaintiff filed the pending Motion for Sanctions because it had still not received any response to the Discovery Requests.[18] Per the Motion for Sanctions, Plaintiff seeks sanctions under Rule 37 for Defendants' failure to respond to the Discovery Requests by October 21, 2022 and/or to comply with the October 6 Order (and other orders of the Court). Specifically, Plaintiff requests the following sanctions due to Defendants' "persistent and willful violations of this Court's discovery Orders": (1) "attorney's fees incurred in pursuing Defendants' discovery responses, including all fees incurred in drafting its Motion to Compel Discovery Responses, and all fees incurred since that Motion was filed in further of obtaining Defendants' discovery responses, pursuant to Fed. R. Civ. P 37(b)(2)(C)"; (2) the entry of a "default judgment against both Everett and Millwork, jointly and severally, pursuant to Fed. R. Civ. P 37(b)(2)(A)(vi)"; and (3) "any other sanctions under Rule 37 that the Court finds appropriate."[19]

Defendants have not filed an opposition memorandum to the Motion for Sanctions and the time period to do so has passed, so the Motion for Sanctions is deemed unopposed.

## II.  LAW AND ANALYSIS

### A.  Sanctions Standard

Fed. R. Civ. P. 26 through 37 set forth the "pre-trial deposition-discovery mechanism[s]" available to federal court litigants, and those Rules also "specify the obligations of parties and lawyers alike during this frequently contentious stage of modern litigation."[20] "Crucially, as a matter of well-settled precedent, the courts' construction of these varied precepts is guided by Rule 1 and a general distaste for limiting proper discovery but for the reasons specified in Rule 26(b)(1)

---

[18] R. Doc. 85.
[19] R. Doc. 85, p. 1; R. Doc 85-1, p. 5.
[20] *Century Surety Co. v. Nafel*, No. 14-101, 2016 WL 4059678, at *6 (M.D. La. July 28, 2016), citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947).

4

and (b)(2)(C)."[21] As with other federal procedural provisions adopted pursuant to the Rules Enabling Act, 28 U.S.C. § 2072,[22] these Rules have "the force and effect" of federal statutory law.[23] To ensure compliance with the pre-trial deposition-discovery mechanisms in Rules 26 through 37, Rule 37 provides "generally for sanctions against parties or persons unjustifiably resisting discovery."[24]

If a party fails to answer an interrogatory under Rule 33 or fails to respond fully to a request for production in the time allowed these Rules, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37.[25] If the court grants a party's motion brought under Rule 37, the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[26] However, the court "must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[27]

---

[21] *Id.*, citing *The Scotch Whisky Ass'n v. U.S. Distilled Prods. Co.*, 952 F.2d 1317, 1319 (Fed. Cir. 1991) ("Rule 1 sets the policy for construing all of these rules."); *United States v. Hoffa*, 497 F.2d 294, 296 (7th Cir. 1974) ("All of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 54(d) relating to costs, must be interpreted in light of Fed. R. Civ. P. 1."); and, *generally*, Arthur R. Miller, *Simplified Pleading, Meaningful Days in Court, and Trials on the Merits: Reflections on the Deformation of Federal Procedure*, 88 N.Y.U. L. Rev. 286 (2013) (summarizing the relevant case law and tenets); Amir Shachmurove, *Disruptions' Function: A Defense of (Some) Form Objections under the Federal Rules of Civil Procedure*, 12 Seton Hall Cir. Rev. 161 (2016) (same).
[22] 28 U.S.C. § 2072.
[23] *Police & Fire Ret. Sys. of City of Detroit v. Indymac MBS, Inc.*, 721 F.3d 95, 107 n.13 (2d Cir. 2013) ("The Federal Rules of Civil Procedure…have the force and effect of a federal statute." (internal quotations omitted)); *Morel v. Daimler-Chrysler AG*, 565 F.3d 20, 24 (1st Cir. 2009) ("[A]s long as a [federal] rule is consonant with both the Constitution and the Rules Enabling Act…that rule must be given effect regardless of contrary state law.").
[24] Fed. R. Civ. P. 37 advisory committee's note to 1970 amend. *See also, e.g.*, *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980).
[25] Fed. R. Civ. P. 37(a)(3)(b)(iii) and (iv).
[26] Fed. R. Civ. P. 37(a)(5)(A).
[27] *Id.*

Further, "[i]f a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which "may include the following":

- (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- (iii) striking pleadings in whole or in part;
- (iv) staying further proceedings until the order is obeyed;
- (v) dismissing the action or proceeding in whole or in part;
- (vi) rendering a default judgment against the disobedient party; or
- (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[28]

"Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[29]

### B. Application

Before the Court turns to the specific sanctions requested by Plaintiff, it is important to summarize Defendants' pattern of delay and, more importantly, outright refusal to participate in this litigation or to comply with Court orders, which goes beyond Defendants' conduct with respect to the Discovery Requests. As is evident from the 89 docket entries in this matter, Defendants have consistently failed to participate in this case, delaying the resolution of this matter at every turn –

---

[28] Fed. R. Civ. P 37(b)(2)(A).
[29] Fed. R. Civ. P. 37(b)(2)(C).

from service,[30] to filing answers,[31] to providing inserts to the Joint Status Report,[32] to keeping the Court apprised of their address(es),[33] to retaining an attorney,[34] to opposing Plaintiff's request for a Clerk's Entry of Default (and the delay associated with seeking to set it aside)[35]—culminating in the failure to provide responses to Plaintiff's Discovery Requests by the court-ordered deadline,[36] and failing to oppose (or even respond to) Plaintiff's Motion for Sanctions.[37]

Further, no less than four times the Court has warned Defendants that their failure to comply with their obligations under the Federal Rules of Civil Procedure and/or failure to comply with Court orders could result sanctions.[38] The record shows that Defendants' counsel has also warned them of the potential for sanctions if they continue their pattern of conduct.[39] It is clear that Defendants failure to participate in discovery and to comply with Court orders, among other things, rests solely on Everett, individually and as the sole owner and operator of Millwork, rather than on Defendants' counsel.

It is undisputed that Defendants have failed to respond to Plaintiff's Discovery Requests within the deadlines provided in the Federal Rules of Civil Procedure, or by the extended October 21, 2022 deadline imposed by the Court in the October 6 Order. Nor is there any indication that Defendants have responded to date. Beyond a vague statement that Defendants did not respond to the Discovery Requests because Everett is "not in a position—personally, financially, or otherwise—to put them together," Defendants have provided no justification for their failure to

---

[30] *See* R. Docs. 10, 13, 14, 22, 23, 24, and 29.
[31] *See* R. Docs. 15, 20, 24, 29, 47, 50, 68, and 71.
[32] *See* R. Docs. 16, 17, 21, 26, 38, 41, 47, and 73.
[33] *See* R. Docs. 32, 33, 37, 42, 46, 49, 50, 52, and 64.
[34] *See* R. Docs. 34, 40, 41-1, 47, 50, and 69.
[35] *See* R. Docs. 53, 54, 55, 56, 61, 63, and 65.
[36] *See* R. Doc. 78, 80, 81, 82, 84, and 86.
[37] *See* R. Docs. 85 and 87.
[38] *See* R. Docs. 47, 50, 82, and 86.
[39] *See* R. Doc. 82.

provided responses to the Discovery Requests or to comply with the October 6 Order. Additionally, there is nothing in the record suggesting that an award of expenses, including Plaintiff's attorneys' fees, would be unjust. Under these facts, the Court will grant Plaintiff's Motion in part. Under Rule 37(b)(2)(C), Defendants will be ordered, jointly and severally, to pay the reasonable expenses, including attorneys' fees, incurred by Plaintiff to obtain Defendants' discovery responses and in preparing/filing the Motion to Compel and the Motion for Sanctions. However, the Court will defer making a specific award of expenses and attorneys' fees at this time because it cannot determine from the heavily redacted invoices attached to the Affidavit of Raymond T. Fischer,[40] filed in support of the Motion for Sanctions, the amount of fees reasonably related to the Discovery Responses, the Motion to Compel, and the Motion for Sanctions. To this end, Plaintiff will be ordered to submit unredacted invoices under seal so the Court can determine the appropriate amount of expenses, including attorneys' fees, to be awarded.

Plaintiff's additionally request that Defendants be sanctioned by the entry of a default judgment under Rule 55(b). While that sanction is available under Rule 37, this Court has recently explained: "Rule 37 was designed to maximize the judiciary's flexibility in managing the kind of carelessness and even disobedience displayed by the Plaintiff, ensuring that legitimate cases are not unnaturally terminated on the basis of technicalities and something less than deliberate intent."[41] Even for serious violations, the sanctions ordered must be "just" and tempered by "the strong public policy which favors adjudication of cases on their merits."[42] As such, "courts have been reluctant to order dismissal in the absence of clear and convincing evidence of willfulness,

---

[40] R. Doc. 87.
[41] *Century Surety Co.*, 2016 WL 4059678, at * 9, citing *Rivera v. Martin J. Donnelly Antique Tools*, No. 14-667, 2016 WL 1389984, at *7 (M.D. La. Apr. 7, 2016).
[42] *Id.*, citing Fed. R. Civ. P. 37(b)(2)(A) and *Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 108 (D. Colo. 1996).

bad faith, or some fault of a party other than inability to comply and where no evidence has been destroyed or suppressed, leaving the opponent unable to mount a credible defense or offense."[43]

Based on this jurisprudence, the Court will not grant the most drastic sanctions—a default judgment and/or the striking of Defendants' Answers—at this time. The record at present does not contain enough information to allow the entry of a default judgment on Plaintiff's claims.[44] Nonetheless, Defendants' actions in this case warrant additional review to determine if sanctions more severe than an award expenses and attorneys' fees are appropriate. For example, part of the basis for the Court's decision to set aside the entry of default was that Defendants had presented possible meritorious defenses.[45] The fact that Defendants have repeatedly failed to participate in this litigation calls into the question the viability of the defenses presented. Accordingly, it is recommended that the District Judge to whom this case is assigned order Defendants Everett and Millwork to appear and show cause as to why their responsive pleadings should not be stricken,[46] and/or why any other appropriate sanctions should not be imposed.[47]

### III.   CONCLUSION & RECOMMENDATION

Because of Defendants' failure to respond to discovery requests propounded by Plaintiff, despite a Court order to do so by October 21, 2022, **IT IS ORDERED** that the Motion for Sanctions,[48] filed by Plaintiff Black Creek Contractors, L.L.C., is **GRANTED**, and that Defendants Edward Everett and Managed Millwork, L.L.C. shall pay reasonable expenses, including attorneys' fees, incurred by Plaintiff with respect to the Discovery Requests, the Motion

---

[43] *Id.*, citing *Rivera*, 2016 WL 1389984, at *7; *accord, e.g., Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992).
[44] For example, although Plaintiff represented that it has suffered damages that exceed the federal jurisdictional amount (R. Doc. 1, ¶ 19), there is no competent evidence in the record as to the amount of damages sustained.
[45] R. Doc. 65, pp. 4-5.
[46] R. Docs. 15, 68, and 71.
[47] *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (noting that a court may impose sanctions for a party's failure to timely answer interrogatories including prohibiting the introduction of evidence or striking pleadings).
[48] R. Doc. 85.

to Compel,[49] and the Motion for Sanctions,[50] the specific amount of which will be determined in due course. The Motion for Sanctions is **DENIED** at this time to the extent it requests entry of a default judgment and/or striking of Defendants' defenses.

**IT IS FURTHER ORDERED** that by no later than **March 20, 2023**, Plaintiff shall file, under seal, unredacted copies of the invoices attached to the Affidavit of Raymond T. Fischer,[51] so the Court can properly determine the specific amount of reasonable expenses, including attorneys' fees, to award.

Based on their overall pattern of delay in this case, **IT IS RECOMMENDED** that the District Judge to whom this matter is assigned issue an order requiring Defendants Edward Everett and Managed Millwork, L.L.C. to appear and show cause as to why their responsive pleadings should not be stricken and/or why any other appropriate sanctions should not be imposed.

Signed in Baton Rouge, Louisiana, on March 13, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 78.
[50] R. Doc. 85.
[51] R. Doc. 87.