UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLACK CREEK CONTRACTORS, LLC                    CIVIL ACTION

VERSUS

MANAGED MILLWORK, LLC, ET AL.            NO. 19-00781-BAJ-EWD

<u>RULING AND ORDER</u>

Now before the Court is Plaintiff's **Brief in Support of Damages Award (Doc. 99, the "Motion")**, which seeks damages in the amount of $246,947.16 pursuant to the default judgment entered against Defendants Managed Millwork, LLC and Edward Everett. Defendants filed no response to the Motion, and the period to do so has expired.[1] The Magistrate Judge has now issued a **Report and Recommendation (Doc. 104, the "Report")**, recommending that Plaintiff's Motion be granted in part, and that Plaintiff be awarded contractual damages in the amount of $121,392.62, plus reasonable attorneys' fees in the amount of $46,467.00, and costs in the amount of $4,192.70, for a total award of $172,052.32, plus interest. Defendants' deadline to object to the Report has passed, without any objection from either Defendant.

Having carefully considered Plaintiff's Motion and related filings, the Court will approve the Report and adopt it *in part* as the Court's opinion in this matter. The

---

[1] Under this Court's Local Rule 7(f), any response to the Motion was due by no later than May 5, 2023.

only difference between the Court's ruling and the Report relates to the calculation of the contractual damages owed by Defendants, as explained below.

This breach of contract case involves a simple failure to perform. Plaintiff contracted with Defendants for the provision of countertops, paying a down payment of $31,470.00 toward a total cost of $52,450.00. (Doc. 99-4 ¶¶ 10–11). Defendant failed to deliver, and Plaintiff sought replacement performance on the open market, ultimately contracting with two different companies and paying $53,145. (*Id.* at ¶¶ 12–15). Having obtained a default judgment against Defendants, Plaintiff now seeks to establish the amount of damages owed.

Louisiana has embraced the contract damages principle of "expectation" damages. *In re Bankston*, 749 F.3d 399, 403 (5th Cir. 2014).[2] Under this principle, the general purpose of contract damages is not to punish breaching parties or enrich non-breaching parties, but rather to produce the same result as would have occurred if there was no breach. *Id.* As stated by the Louisiana Supreme Court, the calculation of damages should place the non-breaching party "in the same position he would have been in" had the contract been fulfilled. *Gibbs Const. Co., Inc. v. Thomas*, 500 So.2d 764, 770 (La.1987); *see also* Restatement (Second) of Contracts § 344 (1981) (stating expectation interest is one of the interests that contract damages are meant to protect and describing the interest as the promisee "having the benefit of his bargain by being put in as good a position as he would have been in had the contract

---

[2] As subject matter jurisdiction in this case is based on diversity jurisdiction under 28 U.S.C. 1332, Louisiana substantive law applies. *Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. North Am., Inc.*, 951 F.3d 219, 225 (5th Cir. 2020) (citing *Meador v. Apple, Inc.*, 91 F.3d 260, 264 (5th Cir. 2018)).

been performed"). A court must take "great care . . . to ensure that the plaintiff is not actually placed in a *better* position than he would have attained had the contract been performed." *Barnco Int'l, Inc. v. Arkla, Inc.,* 684 So.2d 986, 999–1000 (La.Ct.App.1996).

Here, had Defendants performed the contract, Plaintiff would have spent $52,450.00 for its countertops. Because Defendants failed to perform, Plaintiff sought and secured replacement performance, ultimately paying the replacement contractors a total of $53,145.00. In other words, because Plaintiff had to find a replacement, it paid $695.00 more than it would have paid under the contract with Defendants. This amount is due as expectation damages to Plaintiff. Also due is the amount Plaintiff paid on the original contract, because Plaintiff paid both that amount and the full price of the new contract.

In contrast, the Magistrate Judge recommends that Plaintiff be awarded both the $53,145.00 paid under the replacement contract *and* the $31,470.00 down payment paid toward the original contract. (Doc. 104 at 9). But an award of both sums would put Plaintiff in a better position than it would have been had Defendants performed as promised. This is not permitted under Louisiana law, and as such, the recommended award for contractual damages will be reduced by the cost of the original contract.

The Magistrate Judge's calculation of damages for the costs incurred in consequence of Defendants' breach, like expedited shipping of the countertops to meet Plaintiff's deadline, will remain undisturbed. (*Id.* at 10).

3

Accordingly,

**IT IS ORDERED** that Plaintiff's Brief in Support of Damages be and is hereby **GRANTED IN PART**. Plaintiff is awarded $68,942.62 in contractual damages, with pre-judgment interest on the award of $68,942.62 from September 20, 2018, until the date of the entry of the judgment, at the rate established by La. R.S. § 13:4202; as well as reasonable attorneys' fees in the amount of $46,467.00; costs in the amount of $4,192.70; and post-judgment interest from the date the judgment is entered until the date the judgment is paid, at the rate established by 28 U.S.C. §1961(a).

Judgment shall issue separately.

Baton Rouge, Louisiana, this _20th_ day of March, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4